In the Matter of the Claim of FLORENCE M. OTTERSTEDT,
Respondent, against LEHIGH AND HUDSON RIVER RAIL-
WAY COMPANY, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Appeal — Workmen's Compensation Law — unanimous
affirmance of findings of fact made by state industrial board
conclusive upon Court of Appeals — conclusion that employee
was or was not engaged in interstate commerce a mixed finding
of law and fact — bare finding that employee was not engaged
in interstate commerce sufficiently one of fact to sustain
award under Workmen's Compensation Law — findings should
state facts with reasonable detail.

1. The unanimous affirmance by the Appellate Division of findings
of fact made by the state industrial board compels the Court of
Appeals to decide questions submitted to it by exclusive reference
to the findings which were made.

2. The question whether an employee is or is not engaged in inter-
state commerce involves a consideration of acts which he is performing
at the time and perhaps of surrounding conditions, and the ultimate
conclusion that he was or was not engaged in such commerce is a
mixed finding of law and fact.

3. While a bare finding that the employee was not engaged in
interstate commerce at the time of the accident occasioning his death
is sufficiently one of fact to sustain an award under the Workmen's
Compensation Law, a more satisfactory review of such a case could
be made by this court if the findings stated with reasonable detail
the facts which led to and controlled the ultimate conclusion of the
industrial board.

4. The question of the power of the industrial board, under section
74 of the Workmen's Compensation Law, to reconsider its action
and come to an opposite conclusion after an award has once been
made not considered for the reason that the parties hereto apparently
consented to a reopening of the case and further consideration thereof.

*Matter of Otterstedt* v. *Lehigh & Hudson River Ry. Co.*, 200 App.
Div. 386, affirmed.

(Argued October 5, 1922; decided October 27, 1922.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the third judicial
department, entered March 23, 1922, which unanimously

affirmed an award of the state industrial board made under the Workmen's Compensation. Law.

*Charles B. Sullivan* and *John J. Beattie* for appellant. The findings are insufficient to sustain the award. The characterization in the decision that deceased would have been engaged in " new construction work for the Lehigh and Hudson Railroad Company " is an utterly indefinite and meaningless conclusion of fact, as the decision fails to set forth any findings of fact, either evidentiary or ultimate facts, as to whether the services which deceased would have been performing that morning were connected with and a part of the facilities of the railroad already used in interstate commerce. The decision nowhere finds or sets forth any evidentiary facts whatever from which the conclusion of law might be drawn whether deceased was engaged in intrastate or in interstate commerce. (*Saxon* v. *Erie R. R. Co.*, 221 N. Y. 179; *Plass* v. *Central N. E. Ry. Co.*, 221 N. Y. 472; *Dougherty* v. *Lion Fire Ins. Co.*, 183 N. Y. 302; *Morehouse* v. *Brooklyn Heights Ry. Co.*, 185 N. Y. 520; *Bloomfield* v. *November*, 219 N. Y. 374; *Gardner* v. *Horseheads Const. Co.*, 171 App. Div. 66; *Carroll* v. *Knickerbocker Ice Co.*, 218 N. Y. 435; *Nestor* v. *Brewing Co.*, 191 App. Div. 312; *Donovan* v. *Alliance Elec. Co.*, 191 App. Div. 303.) The former state industrial commission having made a final award dismissing the claim on March 23, 1921, and finding that deceased was engaged in interstate commerce, and claimant having appealed therefrom but never prosecuted such appeal to a determination, the industrial board had no jurisdiction to rescind the prior award so appealed from and make the award in question. (*Conley* v. *Upson Co.*, 197 App. Div. 815; *Matter of Southern Boulevard R. R. Co.*, 143 N. Y. 253; *People ex rel. Crane* v. *Hahlo*, 228 N. Y. 309.)

*Edward P. Lyon* for claimant, respondent. The question whether Mr. Otterstedt's work on the day of his

accident would have been interstate or intrastate was one of fact upon which the industrial board's finding is conclusive.  Appellant's criticism of the findings is unwarranted.  The findings are ample to sustain the award and in any event appellant's criticism should have been presented to the industrial board on a motion to correct the findings.  (*Di Donato* v. *Phila. & R. Ry. Co.*, 266 Penn. St. 412; *Osborne* v. *Gray,* 241 U. S. 16; *Polk* v. *Phila. R. R. Co.*, 266 Penn. St. 335; *Sweeting* v. *American Knife Co.*, 226 N. Y. 202; *Rhyner* v. *Hueber Building Co.*, 171 App. Div. 58; *Harnett* v. *Steen Co.*, 216 N. Y. 104; *Saxon* v. *Erie R. R. Co.*, 221 N. Y. 179.) The claim made by appellant that the board did not have jurisdiction to reverse the decision of its deputy is without merit.  (*Kriegbaum* v. *Buffalo Wire Works, Inc.*, 182 App. Div. 448; 224 N. Y. 621; *Beckman* v. *Oelerich,* 174 App. Div. 353.)

*Charles D. Newton, Attorney-General* (*E. C. Aiken* of counsel), for State Industrial Board, respondent.  The industrial board had jurisdiction to rescind its prior decision and make the one in question.  (*Matter of Eggleston* v. *Shinola Co.*, 229 N. Y. 622 ; *Matter of Salotar,* v. *Neuglass & Co.*, 228 N. Y. 508; *Matter of Kriegbaum* v. *B. W. Works,* 182 App. Div. 448; 224 N. Y. 621; *Matter of Schwab* v. *Emporium Forestry Co.*, 216 N. Y. 712; *Matter of Spaduccino* v. *Hayes,* 223 N. Y. 681; *McNally* v. *D. M. Paper Co.*, 223 N. Y. 83; *Conley* v. *Upson Co.*, 197 App. Div. 815.)

*Per Curiam.*  An award has been made in this case because of the accidental death of Charles E. Otterstedt while in the employ of the appellant.

The appellant was engaged in carrying on both interstate and intrastate commerce and it is argued on the appeal from the order affirming the award that it does not sufficiently appear that the deceased was not engaged in interstate commerce at the time of his death.

The unanimous affirmance of the findings made- by the state industrial board compels us to decide the question thus submitted by exclusive reference to the findings which were made. So far as this question is concerned these findings are that "At the time Charles E. Otterstedt sustained the injuries, which resulted in his death, his construction gang was, and if he had worked on the day of the accident, he would have been engaged in new construction work for the Lehigh and Hudson River Railway Company, and was not engaged in interstate commerce."

The finding that the deceased "would have been engaged in new construction work" is indecisive of the present question of the character of the work in which deceased was engaged. What would be designated in general terms new construction work may or may not be of such a character as to make those engaged upon it employees in interstate commerce. We are, therefore, relegated to the bare finding that the deceased was not engaged in interstate commerce as a basis upon which must rest, if upon anything, the award which has been made. Appellant contends that this is a mere conclusion of law and, therefore, cannot sustain the award. We differ from this view. The question whether an employee is or is not engaged in interstate commerce involves a consideration of acts which he is performing at the time and perhaps of surrounding conditions and the ultimate conclusion that he was or was not engaged in such commerce is a mixed finding of law and fact. But while we thus differ from the appellant and decide that this conclusion was sufficiently one of fact to sustain the award, we deem it proper to state that a more satisfactory review of such a case as this could be made by us if the findings stated with reasonable detail the facts which lead to and control the ultimate conclusion of the industrial board. The question of employment or not in interstate commerce is often a difficult one which involves

fine distinctions depending upon the particular facts of the employment.   If, as in this case, we are confronted by an unanimous affirmance of the action of the industrial board it is impossible for us to consider anything except the findings which have been made and if those findings are confined to the general conclusion of fact as in this case it is impossible for us to adequately consider the case and parties are denied the review upon appeal to which they are fairly entitled.

We feel that we should call attention to another feature of our decision.   A question has arisen as to the application of section 74 of the Workmen's Compensation Law (Cons. Laws, ch. 67) to the procedure in this case and in the case of *Matter of Sullivan* v. *Glens Falls Portland Cement Co.*, decided herewith.   In both these cases awards were made.   In this case the claim was dismissed and upon a rehearing an allowance was made.   In the *Sullivan* case compensation was made in the first award and later the award was rescinded and the claim dismissed.   The record does not show that any findings of fact or conclusions of law were made upon these first awards, or any objection taken to the subsequent hearings or modifications.   The parties apparently consented to a reopening of the case and further consideration.   For these reasons we do not pass upon the power of the board under section 74 to reconsider its action and come to an opposite conclusion after an award has once been made.

The order appealed from should be affirmed, with costs.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGH-LIN, CRANE and ANDREWS, JJ., concur.

Order affirmed.