Before STATE INDUSTRIAL BOARD, Respondent.

CHRISTINA YOUNGMAN, Claimant, Respondent, *v.* TOWN OF ONEONTA and Another, Appellants.

Third Department, January 10, 1923.

**Workmen's compensation — relation — town superintendent of highways not employee of town.**

A town superintendent of highways is not an employee of the town and is not within the coverage of the Workmen's Compensation Law.

KILEY and HASBROUCK, JJ., dissent, with opinion.

APPEAL by the defendants, Town of Oneonta and another, from awards of the State Industrial Board, made on the 25th day of April, 1921, the 15th day of June, 1921, and the 25th day of April, 1922, respectively.

*Edward P. Mowton,* for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

H. T. KELLOGG, Acting P. J.:

I had supposed that no legal principle was better settled than the principle that a town superintendent of highways is not the agent or servant of the town. It seems necessary, however, to continue to cite cases dealing with this threadbare subject. The following are a few of them: *Morey* v. *Town of Newfane* (8 Barb. 645); *People ex rel. Van Keuren* v. *Town Auditors* (74 N. Y. 310); *People ex rel. Einsfeld* v. *Murray* (149 id. 367); *Bush* v. *D., L. & W. R. R. Co.* (166 id. 210); *People ex rel. Morey* v. *Town Board* (175 id. 394); *Acme Road Machinery Co.* v. *Town of Bridgewater* (185 id. 1); *Lynch* v. *Town of Rhinebeck* (210 id. 101). In the *Van Keuren* case Judge ANDREWS said: " Commissioners of highways have, by the statute, the care and superintendence of highways (1 Rev. St. 501, § 1) and, in the administration of the highway system, they, and the overseers of highways in subordination to them, are independent public officers, exercising public powers, and charged with public duties specially prescribed by law." In the *Morey Case* (175 N. Y. 397) Chief Judge PARKER quoted from the opinion of Judge ANDREWS in the *Van Keuren* case as follows: " These circumstances do not, however, make highway officers the agents of the town, so as to submit the town to liability for their acts." In the *Acme Road Machinery Co.* case Chief Judge CULLEN quoted with approval the same statement made by Judge ANDREWS in the *Van Keuren* case. In the recent case of *Lynch* v. *Town of Rhinebeck* (*supra*) Judge HOGAN said: "A town superintendent of highways is not the agent of the town (*People ex rel. Morey* v. *Town Board of Oyster Bay*, 175 N. Y. 394), but an independent public officer with defined and limited powers." Perhaps the best exposition of the subject was made by Judge FOLGER in *Maxmilian* v. *Mayor* (62 N. Y. 160), when he said of officers occupying similar positions: " They are not then the agents or servants of the municipal corporation, but are public officers, agents or servants of the public at large, and the corporation is not responsible for their acts or omissions, nor for the acts or omissions of the subordinates by them appointed." The status of a highway commissioner or town superintendent has never been changed by legislative enactment or judicial decision. He remains the agent of the public at large for the purpose of constructing, repairing and maintaining the highways of a town which are committed to his charge. The relationship of employer and employee, of master and servant, or of principal and agent, between him and the town, regarded as a municipal corporation, does not exist. Having no relation with the municipal corporation, either on the

7

one hand as its employee, or on the other as an employer of labor for it, he is not and cannot be within the coverage of the Workmen's Compensation Law.

The award should be reversed and the claim dismissed.

VAN KIRK and HINMAN, JJ., concur; KILEY, J., dissents with an opinion, in which HASBROUCK, J., concurs.

KILEY, J. (dissenting):

Claimant's intestate was superintendent of highways of the town of Oneonta, N. Y., which town, outside of the city of Oneonta, over which he had no jurisdiction and in which he was not expected to do any work or labor, is a small political division in which it is the custom and in this case the fact, that the town superintendent does manual labor along with the men whom he directs in the course of their employment. The word " superintendent " is synonymous with inspector, overseer and manager. (Webster's Dictionary.) When Charles D. Youngman was elected superintendent of highways of the town of Oneonta, he was elected as manager of men on the highways of that town. The manner of such election or selection is not a constitutional provision; but is legislative and is contemplated under article 3, section 27, of the Constitution of this State. On the 25th day of June, 1920, while Youngman was in the course of his employment, working at manual labor with his men, and actually handling a piece of machinery engaged in the construction and repair of a highway in said town, he was so severely injured that he died on July 10, 1920. His widow was finally awarded compensation, and upon this appeal from the award, the injury, the consequences thereof, the manner in which it was received, and what the decedent was doing at the time, are not questioned. Two questions are raised: *First.* That claimant's intestate was not an employee within the construction of the Workmen's Compensation Law, nor was the compensation he was to receive for his services included in the payroll on which a premium was paid to the carrier. *Second.* That the State Industrial Board in the first instance made a decision denying an award, and subsequently set that decision aside and made an award, and that such action was outside the jurisdiction of said Board. Considering the second proposition first, *Conley* v. *Upson Co.* (197 App. Div. 815) is not an authority for appellant on that question. One judge only voted to reverse on that ground; two concurred in the result upon the specific ground " that no causal relation is shown between the accident and the injury; " two dissented and favored affirmance. Repeatedly this court has held against the contention of the appellant in that regard, and thus far the Court of Appeals has not passed upon that

question. (*Matter of Otterstedt* v. *Lehigh & Hudson River R. Co.*, 234 N. Y. 203.) I fail to see where the other question raises any greater difficulty. A town is a municipal corporation. (Town Law, § 2.) Section 3, subdivision 3, of the Workmen's Compensation Law (as amd. by Laws of 1917, chap. 705) defines "employer" as follows: "'Employer,' except when otherwise expressly stated, means a person, partnership, association, corporation, and the legal representatives of a deceased employer, or the receiver or trustee of a person, partnership, association or corporation, employing workmen in hazardous employments, *including the State and a municipal corporation* or other political subdivision thereof." This was a hazardous occupation. (See Workmen's Compensation Law, § 2, groups 13 and 43, as amd. by Laws of 1917, chap. 705.) "Employee" is defined in section 3, subdivision 4, of the statute (as amd. by Laws of 1917, chap. 705) as follows: "'Employee' means a person engaged in one of the occupations enumerated in section two or who is in the service of an employer whose principal business is that of carrying on or conducting a hazardous employment upon the premises, or at the plant, or in the course of his employment away from the plant of his employer; and shall not include farm laborers or domestic servants." This section must be read in connection with groups 13 and 43 of section 2 as they appeared in the law at the time this injury was received; such is the date of the law considered here. I am not unmindful that in *Short* v. *Town of Orange* (175 App. Div. 260) this court held: "The relation of *respondeat superior* does not exist between towns and its [*sic*] officers;" but in the same paragraph the learned justice quotes from 28 American and English Encyclopedia of Law (2d ed. p. 332) as follows: "A town or township cannot be made liable either for the negligence or the illegal or unauthorized acts of its officers or agents, except in those cases where the statute expressly provides that it shall be so liable, or where such acts are subsequently ratified by the town." "*Where the statute expressly provides.*" This case comes under a different statute and one which expressly provides for coverage by insurance, and that it should cover officers engaged in any occupation designated as hazardous under the several groups found in section 2.

The Legislature had the right and authority to make the law. After the accident in *Matter of Bowne* v. *Bowne Co.* (221 N. Y. 28) the Legislature added to section 54, subdivision 6. While *Matter of Bowne* v. *Bowne Co.* lost most of its virtue by that last enactment, the court did a real service in quoting from *Palmer* v. *Van Santvoord* (153 N. Y. 612), as follows: "The intention of the lawgiver is to be sought first in the words of a statute, and, if they are obscure, in the occasion of the enactment and in

the policy which dictated it, when that can be legitimately ascertained." "*The occasion of the enactment.*" "*The policy which dictated it.*" These phrases give the key to the solution. The occasion spoken of was the inability of the employee to bear the burden alone of injuries decreasing, and ofttimes destroying, his earning capacity. Those occasions have been materially increased in the last few years by the intensively specialized and highly complicated machinery used in the performance of labor. The policy was to make those (the consumers) who enjoyed the fruits of that labor bear a part of the burden and loss flowing from such injury. The purpose contemplated was to make every person who labored in a hazardous employment the beneficiary of such relief. *Ten Broeck* v. *Town of Saugerties* (181 App. Div. 910) was decided without opinion, and expressly upon the authority of *Matter of Bowne* v. *Bowne Co.* (*supra*). *Skouitchi* v. *Chic Cloak & Suit Co., Inc.* (192 App. Div. 768) is not in point. Claimant's intestate was not an employer of labor; he may have called men to work and made the bargain with them after the town had fixed the rate of wages, but they worked for the town as employer — in effect such was the relation of claimant's intestate. In this case he was elected, but the town could, by appropriate action, make the position appointive. (Town Law, § 80, as amd. by Laws of 1917, chap. 44; Highway Law, § 40; Id. § 41, as amd. by Laws of 1916, chap. 47.) On the other hand, should he be regarded as an employer of labor, section 54, subdivision 6, of the Workmen's Compensation Law (as added by Laws of 1916, chap. 622) covers such employment. It provides that "Any insurance carrier may issue policies, including with employees, employers who perform labor incidental to their occupations, * * * provided, however that the estimation of their wage values, respectively, shall be reasonable and separately stated in and added to the valuation of their pay rolls upon which their premium is computed. The employer so insured shall have the same rights and remedies given an employee by this chapter." This was done in this case and was so entered in the policy by the carrier. The town in conjunction with the carrier had the right to agree upon the amount put in the estimation as his wage value for the work he was doing incidental to his position as superintendent. They actually did so, and it must be presumed that they acted in accordance with the law. That he was included as a laborer is aided by the fact that he did perform such labor. This fully appears from the evidence. Subsequent to the estimate and the issuing of a policy, an auditor audits the accounts to fix the correct amount as compared with the estimate. This account was audited after the injury to the employee; his wages were not included. It is urged upon this appeal that such

omission should be used to defeat the claimant. What was the purpose of such omission can only be conjectured. It was the carrier's act. I can find no justification for it in the record, and the carrier should not be allowed to benefit by its own act, when detrimental to claimant.

The award should be affirmed, with costs in favor of the State Industrial Board and against the carrier.

HASBROUCK, J., concurs.

Award reversed and claim dismissed, with costs against the State Industrial Commission.