GIORGIO BORELLI, as Administrator, etc., of GIORGIO BOVENZI, Deceased, Appellant, *v.* INTERNATIONAL RAILWAY COMPANY, Respondent.

Fourth Department, March 12, 1924.

Railroads — action under Federal Employers' Liability Act to recover for death of plaintiff's intestate resulting from injuries sustained while working on defendant's tracks in city of Buffalo — defendant owns and operates line in city of Buffalo and connecting line from Buffalo to Queenston, Canada — plaintiff was engaged in interstate traffic at time of accident — error to grant nonsuit.

In an action under the Federal Employers' Liability Act to recover damages for the death of plaintiff's intestate resulting from injuries sustained while working on defendant's tracks in the city of Buffalo, it was error to nonsuit the plaintiff on the ground that he was not engaged in interstate commerce at the time of the injury, since it appears that the defendant owns and operates the street railway line in the city of Buffalo on which plaintiff's intestate was working at the time of the accident, and also a line connecting therewith and running thence to Queenston, Canada, and that the defendant was engaged in the interstate carriage of passengers on its several lines. It is immaterial that the cars on the city line were operated entirely within the city and that the bulk of the traffic on said line was intrastate.

APPEAL by the plaintiff, Giorgio Borelli, as administrator, etc., from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Erie on the 8th

day of May, 1918, upon a nonsuit granted at the close of the plaintiff's case.

The defendant claimed that recovery was exclusively prescribed by the Workmen's Compensation Law of the State of New York, and the issue seems to be the right of plaintiff to a recovery under the Federal Employers' Liability Act. (See 35 U. S. Stat. at Large, 65, chap. 149, as amd. by 36 id. 291, chap. 143.)

*Charles Oishei,* for the appellant.

*Penney, Killeen & Nye* [*Olin T. Nye* of counsel], for the respondent.

CROUCH, J.:

On August 4, 1914, plaintiff's intestate, an employee of defendant, was making repairs on the track of defendant's car line, running through East Ferry street in the city of Buffalo. His work consisted of "putting in and tightening up the bolts on the old rails there." One of defendant's cars jumped the track at the point where he was working, due, the plaintiff alleges, to certain defects in the tracks and in the wheels of the car. As a result he was so severely injured as to cause his death.

At the close of plaintiff's case a nonsuit was granted, apparently upon the ground that there was no sufficient evidence to show that defendant was engaged, and decedent was employed, in interstate commerce at the time of the injury. There was a request to go to the jury on that question, and also on the question of defendant's negligence. The denial of the latter motion was perhaps due to the fact that it would have been useless to submit that question to the jury in view of the court's holding on the question of interstate commerce.

Defendant owns and operates the electric car lines, including the East Ferry street line, in the city of Buffalo, and thence from the city line by way of Tonawanda, Niagara Falls and the International Bridge to Queenston, Ontario.

A witness for plaintiff testified that on June 18, 1917, he boarded an International car on East Ferry street at Bailey avenue, took a transfer to a Niagara Falls car, got off at Court street (where there is a station), went in and bought two round trip tickets to Queenston, one of which he used; the other he produced in court. The one produced consists of eight parts or tickets printed on one long strip and separated by perforations. Beginning at the bottom of the slip the first ticket is " good for one continuous trip, Buffalo to Buffalo City Line; " the second is Buffalo City Line to Niagara Falls; the third is " good for one crossing west over Upper Steel Arch Bridge; " the fourth is Upper Steel Arch Bridge to Queenston,

Ontario. This fourth ticket has printed across the right side " Round trip Buffalo-Queenston." The four remaining tickets are for the return trip in the reverse order, beginning at the top. The top ticket has printed across the right side: " Round trip, Buffalo-Queenston." Each ticket has " International Railway Company " printed on its face, and is stamped on the back by the same company. The witness says he used on a Niagara Falls car the transfer which he received on the East Ferry street car to carry him from Court street to the city line, and that the first ticket " Buffalo to Buffalo City Line " was torn off. At Niagara Falls he changed to the bridge car, which was an International car, and went to Queenston. Then he " came back to the Falls and the same route back again " to Ferry street. Previous to the year 1914 he had made trips to Canada over the International railway in the same manner as he did here.

The defendant in operating electric cars between the Court street station in Buffalo, and Queenston, Ontario, was clearly an interstate carrier. (*Washington Railway & E. Co.* v. *Scala,* 244 U. S. 630; 18 R. C. L. 850.)

While the question is always one of degree (*Industrial Commission* v. *Davis,* 259 U. S. 182, 187), an employee doing what the decedent here was doing on the track of an interstate carrier may be held to have been employed in interstate commerce. (*Pedersen* v. *D., L. & W. R. R.,* 229 U. S. 146; *Matter of Plass* v. *Central N. E. R. Co.,* 221 N. Y. 472; *Matter of Quirk* v. *Erie R. R. Co.,* 235 id. 405.) Had plaintiff's intestate been injured while so repairing the track between the Court street station and Queenston, there could have been little doubt as to the nature of his employment. At the least it would have been a question of fact. (*Matter of Otterstedt* v. *L. & H. R. R. Co.,* 234 N. Y. 203.)

The precise question, then, to be determined is whether, in operating the East Ferry street line, wholly within the city of Buffalo, the defendant can be said to have been engaged in interstate commerce.

It will be convenient to refer to the line between the Court street station and Queenston as the Queenston line. The evidence shows that the defendant owned and operated both the East Ferry street line and the Queenston line, and that there was a system of transfers between the two. The out-bound passenger on his way to Queenston could board an East Ferry street car, and by means of a transfer be carried on the Queenston line as far as the Buffalo city boundary. That portion of the ticket to Queenston, which covers " one continuous trip Buffalo to Buffalo city line " would not be needed and presumably would not have to be paid for by such a passenger.

Similarly, that passenger, when in-bound from Queenston, could, by means of a transfer, be carried back to his starting point on East Ferry street. The facts seem clear. Although the cars which ran on the East Ferry street tracks did not leave that line and were operated entirely within the city, they nevertheless carried, and were intended to carry, passengers bound to Queenston. That the bulk of the traffic thereon was intrastate makes no difference. The line was, in effect, one link in the defendant's interstate line to Queenston, so far as its interstate business was concerned. A carrier participating in the movement of freight to or from another State is thereby engaged in interstate commerce, notwithstanding that its operation may be confined within the limits of a single city, county or State. ( *United States* v. *Union Stock Yard*, 226 U. S. 286; *Chicago, K. & S. R. Co.* v. *Kindlesparker*, 234 Fed. Rep. 1; revd., on other grounds, 246 U. S. 657; *Cott* v. *Erie R. R. Co.*, 231 N. Y. 67; 1 Rob. Fed. Liability of Carriers, § 432.)

There seems to be no reason why the same rule should not apply where the movement is of passengers.

The only basis for damages in the pleadings and proof appears to be for decedent's conscious pain and suffering. There is neither allegation nor proof of pecuniary loss by the mother.

All concur.

Judgment reversed on the law and new trial granted, with costs to appellant to abide event.