In the Matter of the Claim of STANLEY R. DANN, Appellant, against TOWN OF VETERAN, Employer, Respondent, Impleaded with GLOBE INDEMNITY COMPANY, Carrier.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, June 22, 1938.

*Sheldon F. Roe*, for the appellant.

*John J. Bennett, Jr., Attorney-General [Joseph A. McLaughlin, Assistant Attorney-General in Charge,* of counsel], for the State Industrial Board.

*Ireland & Cohen [Leo Waxman* and *F. A. W. Ireland* of counsel], for the Globe Indemnity Company.

HEFFERNAN, J. Claimant has appealed from a determination of the State Industrial Board disallowing his claim for compensation on the sole ground, as stated in the decision, that he " was not an employee within the meaning of the Workmen's Compensation Law and the attempt to cover claimant by a policy amendment endorsement, although made in good faith, was an *ultra vires* act without binding force and was ineffective and was not applicable to the claimant herein."

We have thus presented to us for review a single question of law. It is conceded that claimant was the elected superintendent of highways of the town of Veteran, and that on September 25, 1935, while riding on the running board of a truck and while engaged

in the performance of his duties he sustained serious injuries. It is likewise conceded that on July 1, 1935, the insurance carrier herein issued a workmen's policy of compensation insurance to the town on which it had collected a premium and which was in effect at the time of claimant's accident and that it attached thereto on one of its forms what it designated as a " policy amendment endorsement " by which it agreed " that 'Stanley R. Dann, Highway Superintendent', is an employee of the employer and the undermentioned policy shall apply to the said Stanley R. Dann, Highway Superintendent, in the same manner and under the same conditions as the said policy applies to other employees of the employer."

The carrier is attempting to avoid liability under its policy on the ground that the relationship of employer-employee does not exist between a superintendent of highways and a town and that any agreement to make the Workmen's Compensation Law applicable to such a case is against public policy and is a violation of the letter and the spirit of the Constitution of the State. In other words, although it issued the policy and retained the premium therefor, the carrier, after the accrual of a claim thereunder, seeks to repudiate its obligation on the ground that compliance therewith would contravene the fundamental law. It now asserts that it participated in an *ultra vires* agreement.

If the payment of a claim under this policy is a violation of law, then, by the same token, the issuance of the policy itself coupled with the exaction of the price therefor, is a like violation. It is to be noted that the carrier's sense of rectitude is not so keen as to induce it to return to the town the premium which it received for its worthless undertaking.

The town is a municipal corporation (Town Law, § 2) and is also included in the definition of employers. (Workmen's Comp. Law, § 2, subd. 3.) That section provides that " employer," except when otherwise stated, " means * * * employing workmen in hazardous employments including the State and a municipal corporation or other political subdivision thereof." The word " employee " when used in the statute " means a person engaged in one of the occupations enumerated in section three." (Workmen's Comp. Law, § 2, subd. 4.) Claimant when injured was engaged in a hazardous occupation. (Workmen's Comp. Law, § 3, subd. 1, groups 3 and 13.)

Notwithstanding the carrier's contention we think the claimant as a town superintendent of highways is within the purview of the Workmen's Compensation Law and that consequently he is covered by the policy in question. He is a town officer of the town. (Town

Law, § 20, subd. 1, ¶ b.) Subdivision 6 of section 54 of the Workmen's Compensation Law, so far as material here, provides: " Insurance of officers of corporations. Every executive officer of a corporation shall be deemed to be included in the compensation insurance contract or covered under a certificate of self-insurance unless he elects to be excluded from the coverage of this chapter. * * * If not excluded, such officers and their dependents shall be entitled to compensation as provided by this chapter. * * * The officers so insured shall have the same rights and remedies as any employee, but any executive officer who files an election not to be included under this chapter shall be deemed not to be an employee within the intent of this chapter."

Claimant did not elect to be excluded from coverage.

It is urged, however, that *Youngman* v. *Town of Oneonta* (204 App. Div. 96; affd., 236 N. Y. 521) is a controlling authority to the contrary. Obviously that case has no application here. It was decided before subdivision 6, quoted above, was amended by chapter 316 of the Laws of 1930, which was in effect when claimant sustained his injuries. The section as then amended was substantially as it now exists. Since the rendition of that decision the Legislature by appropriate amendment included the executive officers of corporations unless they specifically elected to be excluded from coverage. As applied to the facts in this case the decision in the *Youngman* case is, therefore, obsolete.

The carrier also contends that this subdivision does not apply to a municipal corporation. The statute is not limited to the officers of any particular type of corporation. There is nothing in the language to indicate that municipal officers are excluded. The import of the words obviously indicates an intention on the part of the Legislature to broadly cover, comprehend and include all officers properly denominated executive in the general classification of public officers. The language should not be narrowed or limited by construction so as to exclude from its terms a class of persons in favor of whom it was intended to operate. The Workmen's Compensation Law is remedial in its nature, enacted for humane purposes and humane principles should guide us in our interpretation of its provisions. The object, and not the letter of the law, should control. Technical rules and refinements should not be permitted to defeat its purpose. It is not enough to profess adherence to the rule of liberality. Our decisions should reflect the sincerity of our profession.

Finally the carrier argues that in no sense is a superintendent of highways to be classed as an executive officer. That contention is likewise without merit. The statute (Town Law, § 32) provides

that the superintendent of highways shall have such powers and shall perform such duties as are or hereafter may be conferred or imposed upon him by law and such further duties as the town board may impose not inconsistent with law. Article 7 of the Highway Law■ makes it perfectly clear that the duties of a town superintendent of highways are, in many respects, not only administrative but executive. The inclusion of a superintendent of highways within the meaning of the Compensation Law is equitable and just. It is common knowledge that such an official is constantly called upon to perform hazardous duties. We think too that the carrier is estopped to question the status of claimant. It specifically agreed with the town to extend coverage to him under the provision of its policy. Under familiar rules of construction the language of the policy must be construed most favorably to the insured and all ambiguities resolved in his favor. We must assume that both the carrier and the town when they made their contract classified the claimant as an executive officer. If the carrier did not intend just that result then it perpetrated a fraud upon the town when it issued and delivered a policy for compensation under which there could be no liability. It would be a gross injustice for a court to permit it to escape its liability.

The decision of the State Industrial Board should be reversed and the claim remitted with directions to make an award.

HILL, P. J., CRAPSER and BLISS, JJ., concur; RHODES, J., dissents, with an opinion.

RHODES, J. (dissenting). Claimant sustained serious injuries while performing his duties as superintendent of highways (an elective office) of the town of Veteran.

The carrier herein had issued a policy of insurance to the town. The policy itself is not printed in the record, but the brief of each party states that it was a workmen's compensation policy. Attached thereto was a rider which is set forth in full in the record, which rider by its terms is described as a "policy amendment endorsement." It recites in substance that in consideration of the terms under which the policy is issued, "It is understood and agreed that 'Stanley R. Dann, Highway Superintendent,' is an employee of the employer," and that the policy shall apply to said Stanley R. Dann, highway superintendent, "in the same manner and under the same conditions as the said policy applies to other employees of the employer * * *. Anything herein contained shall be held not to waive, alter, vary or extend any of the terms or provisions of this policy, except as herein stated."

The Board denied compensation upon the ground that claimant was not an employee within the meaning of the Workmen's Compensation Law, and that the attempt to cover claimant by a policy amendment indorsement, although made in good faith, was an *ultra vires* act without binding force.

The appellant concedes that claimant is not within the provisions of the Workmen's Compensation Law as an employee (*Youngman* v. *Town of Oneonta*, 204 App. Div. 96), unless brought within the definition of " employee " by contract.

Under section 19 of article 1 of the Constitution of the State, the Workmen's Compensation Law is valid only in so far as it is based upon the relation of employer and employee. (See *Kackel* v. *Serviss*, 180 App. Div. 54.)

The whole theory of the Workmen's Compensation Law is based upon this relationship. (See § 3, subd. 1, opening paragraph, and group 19; § 10; § 11; § 50, opening paragraph, and § 50, subd. 4, ¶ a.)

Subdivision 6 of section 54 provides for workmen's compensation insurance covering the executive officers of a corporation, but the superintendent of highways is not an executive officer nor a member of the town board. (Town Law, § 60, subd. 2.) He is an independent public officer and not an agent of the town. (*People ex rel. Van Keuren* v. *Town Auditor*, 74 N. Y. 310; *People ex rel. Morey* v. *Town Board*, 175 id. 397. Cf. *Farnsworth* v. *Boro Oil & Gas Co.*, 216 id. 40, and cases cited therein; *Small* v. *Gibbs Press, Inc.*, 248 id. 513.)

Group 17 of subdivision 1 of section 3 brings within the act a limited class of employees of a municipal corporation, such employees being only those engaged in hazardous employments specifically listed in prior provisions of the statute.

Since the liability of the employer is imposed only for disabilities suffered by an employee, the town is not liable to the claimant under the act. Furthermore, any attempt by the town or its officers to accept such liability would be *ultra vires*. (*Smith* v. *City of Newburgh*, 77 N. Y. 130.) Every one is chargeable with knowledge of the limitations which the law imposes on the powers of the town and its officials and in this case no principle of equity or estoppel arises in favor of the claimant as against the town.

In behalf of the appellant it is claimed that in any event the insurance carrier is liable by virtue of its contract with the town whereby it agreed that its policy should cover the town superintendent. The policy, however, is a policy of workmen's compensation, and under the Workmen's Compensation Law the insurance carrier is obligated as surety for the liability of the employer and

not otherwise. If the town is not liable then there is no liability as against the surety. No statute has been pointed out authorizing the town to provide any other form of accident insurance to cover claimant, and even if it be assumed that the town had authority to provide such accident insurance, the enforcement of such a policy against the insurer would not be within the jurisdiction of the State Industrial Board; its jurisdiction is confined to matters arising out of the status of employer and employee, and is limited by the provisions of the Workmen's Compensation Law; it is not the forum for the adjudication or enforcement of claims arising outside the limits of that statute; any such relief must be sought in the courts.

The decision should be affirmed.

Decision reversed, with costs against the State Industrial Board, and matter remitted, with instructions to make an award.