In the Matter of the Claim of EDSON A. BRIGHAM, Sheriff of Allegany County, Respondent, against ALLEGANY COUNTY, Employer and Self-Insurer, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 4, 1942.

*Francis B. O'Connor*, for the appellant.

*William R. Van Campen*, for the claimant, respondent.

*John J. Bennett, Jr., Attorney-General [Roy Wiedersum, Assistant Attorney-General*, of counsel], for the respondent State Industrial Board.

BLISS, J. The county of Allegany, a self-insurer, is appealing from an award of disability compensation made by the State Industrial Board to Edson A. Brigham for permanent partial loss of use of the left arm and right leg.

Brigham, the sheriff of the county of Allegany, was injured on February 13, 1939, while driving his own car taking a prisoner to the State Vocational Institution at West Coxsackie, N. Y. The county paid him a salary as sheriff and for the use of his car when on official business. It was a self-insurer. After the accident it paid all of his hospital and doctor's bills. It also filed an employer's first report of injury and participated without objection in the early hearings before the referee. In addition it paid claimant his full salary and provided him with support during the remainder of his term of office. The county filed no notice of controversy as required by section 25 of the Workmen's Compensation Law and raised no question as to claimant's being entitled to workmen's compensation until after an award had been made and it became known claimant had sustained a permanent injury. The county now claims that the sheriff does not come within the coverage of the Workmen's Compensation Law.

At the time of this accident subdivision 6 of section 54 of the Workmen's Compensation Law provided that every executive officer of a corporation should be deemed to be covered under a certificate of self-insurance unless such officer had elected to be excluded and that if not so excluded, such officers and their dependents should be entitled to compensation as provided by this law. At that time also the county had elected under subdivision 3-a of section 50 of the Workmen's Compensation Law to participate in and had adopted a plan of mutual self-insurance. The expression " or covered under a certificate of self insurance," mentioned in subdivision 6 of section 54, included the system of self-insurance by a municipal corporation of its employees. A county is a municipal corporation (County Law, § 3) and a sheriff is an executive officer of a county. (See County Law, art. 10.) Subdivision 6 of section 54 placed no restriction upon the term " corporation " as therein used and indicated no intent that municipal corporations

be excluded from its provisions. It contained none of the limitations on the use of the word "corporation" found in group 18 of subdivision 1 of section 3 of this statute. (See *Matter of Stoerzer* v. *City of New York*, 267 N. Y. 339.)

As was said for our court by Mr. Justice HEFFERNAN in *Matter of Dann* v. *Town of Veteran* (254 App. Div. 462; affd., 278 N. Y. 461) concerning subdivision 6 of section 54: "The carrier also contends that this subdivision does not apply to a municipal corporation. The statute is not limited to the officers of any particular type of corporation. There is nothing in the language to indicate that municipal officers are excluded. The import of the words obviously indicates an intention on the part of the Legislature to broadly cover, comprehend and include all officers properly denominated executive in the general classification of public officers."

The work in which the claimant was engaged at the time of the accident, namely, the operation of an automobile and the transportation of a prisoner from the county jail to a State institution, was a hazardous employment. Group 7 of subdivision 1 of section 3 of the Workmen's Compensation Law includes within such employments the operation of gasoline vehicles and group 17 of the same subdivision includes any such employment carried on by a municipal corporation or other subdivision of the State. Group 15 includes among the hazardous employments covered by the act that of a keeper in a prison maintained by a municipal corporation. Section 183 of the County Law gives a sheriff the custody of the jails of his county and the prisoners therein and such jails are to be "kept by him or by keepers appointed by him." In the instant case the claimant was responsible for the jail at Belmont. Transporting a prisoner to a State institution was incidental to his duty of keeping the jail and prisoners.

Under these various statutory provisions and the holding in the *Dann* case, this sheriff was clearly within the act and the award should be affirmed.

HILL, P. J., HEFFERNAN and SCHENCK, JJ., concur; CRAPSER, J., dissents, upon the following grounds: I dissent and vote to reverse the award and dismiss the claim. At the time of the injuries sustained by the sheriff of Allegany county the New York State Compensation Law had never been amended to expressly and specifically extend workmen's compensation to sheriffs. Effective on April 29, 1941, subdivision 6 of section 54 of the Workmen's Compensation Law has been amended to include in its purview an elected or appointed officer or officers of a municipal corporation. I, therefore, dissent and vote to reverse the award and dismiss the claim.

Award affirmed, with costs to the State Industrial Board.